UNITED STATES ex rel. GOLDBERG v. WILLIAMS, Commissioner of Immigration.

(District Court, S. D. New York. April 23, 1913.)

1. ALIENS (§ 46*)—EXCLUSION—COMMISSION OF CRIMINAL OFFENSE—MISAPPROPRIATION BY PARTNER.

    That an alien, applying to enter the United States from Austria, admitted the misappropriation of partnership funds, and that he brought to the United States money which his partner in Austria had contributed to the firm, such admission did not show the commission of an offense in Austria, under the American law that a partner cannot be guilty of embezzling partnership property, in the absence of proof that the Austrian law was to the contrary.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 105; Dec. Dig. § 46.*]

2. ALIENS (§ 49*)—EXCLUSION—PUBLIC CHARGE.

    Where an alien, applying to enter the United States, was not shown to have been under any disability, and possessed quite a large sum of money, he could not lawfully be excluded, on the ground that he was likely to become a public charge, though he may have owed the money to another.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 107; Dec. Dig. § 49.*]

Habeas corpus by the United States, on the relation of Benjamin Goldberg, against William Williams, Commissioner of Immigration, to obtain petitioner's release from custody under a deportation warrant. Writ granted. Petitioner discharged.

John D. Nussbaum, of New York City (Ralph Barnett and Morris Jablow, both of New York City, of counsel), for relator.

Henry A. Wise, U. S. Atty., and John N. Boyle, Asst. U. S. Atty., both of New York City, for respondent.

NOYES, Circuit Judge. [1] The immigration authorities found that the alien had admitted the commission of the crime of embezzlement and that was one ground for the order of deportation. I am unable to find in the record a basis for this finding. The alien did admit the misappropriation of partnership funds. He admitted that he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought to this country money which his partner had contributed to the partnership. He admitted that he owed his partner the money. But it would be quite inconsistent with his testimony to say that he admitted the receipt of the moneys in any other way than as a partner. It is, however, a well settled rule of law in this country that while a partnership is in existence a partner *cannot* be guilty of embezzling partnership property. This may not be the Austrian law and the alien may be subject to extradition. So when all the facts are shown the alien may not come within our rule. But this court must take the law of this country in the absence of proof of foreign law and must deal with the alien's statements rather than with outside proof. And if the alien were being tried for the offense of embezzlement and his whole testimony before the immigration authorities were put in as the evidence against him, it is very doubtful whether a judgment of conviction would stand. Much more, such statement cannot be held to constitute an admission of the commission of the crime.

[2] The second ground upon which the alien was ordered deported was that he was likely to become a public charge. There is no evidence in the record, however, upon the question of the ability of the alien to earn a livelihood and support himself; he is not shown to be under any disability and he is shown to possess quite a large sum of money although he may owe it to another. Under the decision of the majority of the court in United States v. Williams (C. C. A.) 200 Fed. 541, findings of immigration authorities may be reviewed; some evidence must be shown to justify a judgment of deportation. This evidence I am unable to find in the present case.

I am extremely reluctant to interfere with the action of the immigration authorities in this case. The alien certainly seems to be an undesirable person. But in view of the limitations of the statutes and the governing rules of law, I am constrained to hold that he is unlawfully ordered deported and, consequently, he must be released from custody. And it is so ordered.